# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ANTHONY MCQUEEN,
  *Defendant-Appellant.*

No. 03-6597

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-95-26-7-BR, CA-98-201-7-BR)

Submitted: September 17, 2003

Decided: October 14, 2003

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Anthony McQueen, Appellant Pro Se. Janice McKenzie Cole, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony McQueen seeks to appeal the district court's marginal order denying his self-described Fed. R. Civ. P. 60(b)(6) motion. An appeal may not be taken from the final order in a 28 U.S.C. § 2255 (2000) proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, ___, 123 S. Ct. 1029, 1039 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.), *cert. denied*, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that McQueen has not satisfied either standard. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

Although the district court did not state its reasons for the denial of the Rule 60(b) motion, we find that the motion is best construed as a successive § 2255 motion, and was therefore properly denied. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (noting that a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application).

We must construe McQueen's notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. *Id.* at 208. In order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense. 28 U.S.C. § 2244(b) (2000). McQueen's claims do not satisfy either of these conditions. Therefore, we decline to authorize McQueen to file a successive § 2255 motion.

We deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*